UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL K.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C21-5561-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1979, has a high school diploma with some college education, and has worked as a retail appliance manager, call center customer service representative, heavy equipment operator, greenhouse production worker, and retail receiving clerk. AR 83, 350-51. Plaintiff was last gainfully employed in July 2017. AR 351.

In December 2018, Plaintiff applied for benefits, alleging disability as of November 6, 2015. AR 293-302. Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing. AR 204-07, 210-15, 219-20. After the ALJ conducted a hearing in January 2020 (78-136), the ALJ issued a decision finding Plaintiff not disabled. AR 60-72.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: major depressive disorder, anxiety disorder, attention deficit hyperactivity disorder, and cyclothymia.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: he can understand, remember, and apply detailed but not complex instructions. He cannot work in a fast-paced production type environment. He cannot interact with the general public, and can have occasional interaction with co-workers.

**Step four**: Plaintiff can perform his past relevant work as a furniture assembler.

AR 60-72.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

### LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

1  "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

2  1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to

3  determine whether the error alters the outcome of the case." *Id*.

4        Substantial evidence is "more than a mere scintilla. It means - and means only - such

5  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

6  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

7  747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving

8  conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

9  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

10  as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

11  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

12  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

13  must be upheld. *Id*.

14  **DISCUSSION**

15        Plaintiff argues the ALJ erred in assessing the medical opinion evidence, his testimony,

16  and the lay evidence, and that these errors led to errors in the RFC assessment and step-four

17  finding. The Commissioner argues the ALJ's decision is free of harmful legal error, supported

18  by substantial evidence, and should be affirmed.

19        **A.**      **The ALJ Did Not Err in Discounting Plaintiff's Testimony**

20        The ALJ summarized Plaintiff's allegations and explained that he discounted them

21  because Plaintiff did not engage in mental health treatment for much of the period, but when he

22  did, his symptoms improved. AR 67-69. Absent evidence of malingering, the Ninth Circuit

23  requires an ALJ to provide clear and convincing reasons to discount a claimant's testimony. *See*

DECISION - 3

*Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ's reasoning is not clear and convincing because, as the ALJ himself acknowledged, Plaintiff was not always able to afford his medication, and therefore his lack of compliance with treatment should not be held against him. Dkt. 13 at 15. The ALJ did not hold Plaintiff's lack of compliance against him as evidence that his condition was not as severe as he alleged: instead, the ALJ linked Plaintiff's symptom flares to time periods when he was not compliant with treatment and cited substantial evidence showing that when Plaintiff did comply with prescribed medication and therapy, his symptoms improved. AR 67-69. The ALJ properly considered the efficacy of treatment in ameliorating Plaintiff's symptoms, when assessing his alleged limitations. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

Plaintiff goes on to argue that the ALJ failed to account for the fact that his symptoms waxed and waned (Dkt. 13 at 15), but has failed to point to any evidence undermining the ALJ's finding of improvement. The ALJ cited treatment notes documenting Plaintiff's reports of improvement with therapy and medication, as well as findings indicating increased activities and abilities with treatment. AR 68 (citing AR 554, 690, 855, 908, 1345, 1368, 1373, 1534), 69 (citing *inter alia* AR 1064, 1361, 1370, 1376). Plaintiff has not met his burden to establish that the ALJ's finding of improvement with treatment was not supported by substantial evidence.

Furthermore, the mental limitations included in the RFC assessment undercut Plaintiff's argument that the ALJ failed to apprehend the difference between "stable" symptoms and being

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

"symptom-free." Dkt. 13 at 15.  The ALJ's decision does not suggest that Plaintiff is symptom-free, and thus Plaintiff's contention is not persuasive.

Plaintiff also argues that the ALJ failed to provide any convincing reasons to discount his allegations of physical limitations, without acknowledging the pages of analysis the ALJ provided on this issue: at step two, the ALJ explained why he found that Plaintiff's multiple physical conditions are not severe and cause no more than minimal limitation in his ability to perform basic work activities.  AR 63-64.  Plaintiff has not acknowledged this part of the ALJ's decision, nor assigned error to any of the step-two findings.  Accordingly, Plaintiff has not met his burden to show harmful legal error in the ALJ's assessment of his physical allegations.

Plaintiff's unnecessary summary of his testimony (Dkt. 13 at 16-17) likewise does not establish error in the ALJ's decision, and thus, for all of these reasons, the Court affirms the ALJ's assessment of Plaintiff's testimony.

     **B.**     **The ALJ Did Not Harmfully Err in Assessing the Medical Evidence**

Plaintiff contends that the ALJ erred in discounting certain medical opinions, each of which the Court will address in turn.

          *1.*     *Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).[3]

---

[3] In his supplemental briefing, Plaintiff contends that *Woods* is not a final decision because the Ninth Circuit had not yet ruled on a petition for rehearing or rehearing en banc. Dkt. 17 at 2, Dkt. 19 at 2. The Ninth Circuit denied the petition before Plaintiff filed his supplemental reply. *See* Order, *Woods v.*

Plaintiff continues to maintain that the Commissioner's regulations are invalid because they eliminate an ALJ's consideration of the nature of the medical source's relationship to a claimant, namely whether that source treated the claimant, examined the claimant, or reviewed the claimant's records. Dkt. 17 at 2. The applicable regulations do not preclude a consideration of "relationship factors," but they do not explicitly require discussion of it. *See* 20 C.F.R. § 404.1520c(c)(3), 416.920c(c)(3). *Woods* emphasized that relationship factors may still be relevant, but that ALJs are not required to make specific findings regarding relationship factors under the new regulations. 32 F.4th at 792. *Woods* therefore rejects Plaintiff's argument in this case that the new regulations are invalid because they do not require discussion of the relationship factors. *See* Dkt. 17 at 2.

To the extent that Plaintiff attempts to argue that he presents an argument not considered in *Woods* — namely whether the Commissioner has the authority to modify the regulations to eliminate the hierarchy of medical opinions based on relationship factors — Plaintiff is mistaken. The *Woods* court found that, under the new regulations, relationship factors no longer imposed a hierarchy of reason-giving on ALJs nor created different degrees of judicial scrutiny. 32 F.4th at 792. The plaintiff in *Woods* did not argue that the Commissioner's new regulations either exceeded the agency's statutory authority or are arbitrary and capricious, and neither does Plaintiff here. *See* 32 F.4th at 790 n.3. Plaintiff has not presented any argument that the Commissioner's new regulations exceed the agency's "'exceptionally broad authority' to promulgate evidentiary rules," nor has he made any showing that the new regulations are arbitrary and capricious. *See Woods*, 32 F.4th at 790 (quoting *Bowen v. Yuckert*, 482 U.S. 137,

---

*Kijakazi,* Case No. 21-35458 (9th Cir. Jun. 27, 2022), ECF No. 46.

145 (1987)). Accordingly, *Woods* addresses and rejects Plaintiff's arguments made here, and the Court follows *Woods* accordingly.

        2.     *William R. Wilkinson, Ed.D.*

Dr. Wilkinson examined Plaintiff in November 2018 and completed a DSHS form opinion describing his mental symptoms and limitations. AR 834-42. Dr. Wilkinson noted that Plaintiff's "chief complaint is one of physical," but the form opinion nonetheless describes disabling limitations in Plaintiff's ability to maintain a schedule, complete a workday/workweek, and maintain appropriate workplace behavior. AR 836. Dr. Wilkinson was provided with some social worker treatment notes from September-November 2018 to review, in rendering his opinion. AR 834.

The ALJ found this opinion unpersuasive for several reasons. First, the ALJ noted that the opinion was completed for the purpose of determining eligibility for DSHS benefits, and the eligibility criteria are not identical to the Commissioner's, such that disability as defined by DSHS does not necessarily equate to Social Security disability. AR 70. The ALJ next found Dr. Wilkinson's opinion to be informed by only limited records and a one-time examination, and that it was inconsistent with the less severe limitations corroborated by the longitudinal record. AR 70.

The Commissioner does not defend the ALJ's reasoning regarding distinctions between DSHS and Social Security disability eligibility (Dkt. 14 at 10-12), and the Court finds that this line of reasoning is not valid because, as the ALJ himself found, Dr. Wilkinson's opinion is "relevant in that [it] contain[s] assessments that are useful for determining the claimant's functional ability[.]" AR 70. The opinion is undisputedly relevant for the ALJ's purposes, and thus any unspecified distinctions between DSHS and SSA policies or disability criteria do not

1 undermine its persuasiveness.

2 But the ALJ properly went on to consider the foundation for Dr. Wilkinson's opinion as well as its consistency with the longitudinal record, as instructed by the new regulations. The ALJ noted that Dr. Wilkinson had limited access to Plaintiff's longitudinal record, which the ALJ described as demonstrating that Plaintiff's symptoms improved with "more consistent medication management and therapy[.]" AR 69-70. The regulations permit the ALJ to consider the degree to which a provider is familiar with a claimant's longitudinal record. *See* 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3). The ALJ also properly considered whether Dr. Wilkinson's opinion was consistent with the other evidence in the record that he did not have the opportunity to review, and (as explained *supra*) reasonably found that the record showed that Plaintiff's symptoms improved to the point of being non-disabling with treatment compliance. Because the ALJ complied with the regulations in assessing the persuasiveness of Dr. Wilkinson's opinion, the Court affirms the ALJ's assessment.

       3. *Nancy Armstrong, ARNP*

Ms. Armstrong examined Plaintiff in October 2018 and completed a DSHS form opinion as to his physical functioning, describing Plaintiff as capable of performing sedentary work. AR 784-88. Ms. Armstrong rated Plaintiff's physical conditions and limitations as marked or severe, and found that his mental conditions caused him to be unable to see, hear, or communicate. AR 785.

The ALJ found Ms. Armstrong's opinion to be unpersuasive because the extreme limitations described were not supported by her own examination findings or the "generally benign medical imaging reports" in the remainder of the record. AR 70. The ALJ found that Ms. Armstrong "appears to have relied heavily on Plaintiff's self-report," which was inconsistent

1  with the many normal functional findings in the longitudinal record.  *Id*. (citing AR 848, 917,
2  966, 1096, 1103).

3  Plaintiff disagrees with the ALJ's finding that Ms. Armstrong's opinion lacks objective
4  support, arguing that the record contains evidence that would support Ms. Armstrong's opinion,
5  but he does not cite any evidence to support that argument.  Dkt. 13 at 5.  Ms. Armstrong's own
6  examination notes do not corroborate the extreme limitations she described (AR 814-15), and as
7  objective support for her opinion she simply listed imaging tests without explaining how findings
8  from those tests support her conclusions (AR 785).  Ms. Armstrong primarily cited Plaintiff's
9  reports of pain as the basis for his limitations, yet found he had normal gait, could move all of his
10 extremities normally, with normal sensation and motor strength.  AR 785, 815.  The ALJ
11 reasonably found that Ms. Armstrong's opinion was unsupported by objective evidence and
12 inconsistent with other normal findings in the record, and thus complied with the regulations in
13 assessing Ms. Armstrong's opinion.  Accordingly, the Court affirms the ALJ's assessment of Ms.
14 Armstrong's opinion.

15         4.     *State Agency Opinions*

16 The ALJ found some of the State agency psychological opinions to be persuasive, and
17 found the State agency medical opinions to be unpersuasive.  AR 69-70.

18 Plaintiff contends that the ALJ should have given more weight to treating and examining
19 provider opinions rather than non-examining psychological consultant opinions, citing no
20 authority for this bald assertion.  Dkt. 13 at 13.  This argument, presumably based on the
21 relationship factors, is inconsistent with the new regulations and, as such, was rejected in *Woods*.
22 *See* 32 F.4th at 792 ("The revised social security regulations are clearly irreconcilable with our
23 caselaw according special deference to the opinions of treating and examining physicians on

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

account of their relationship with the claimant.").

Plaintiff also argues that the ALJ erred in finding the medical consultant opinions to be inconsistent with the record because their opinion was consistent with Ms. Armstrong's opinion that Plaintiff was limited to sedentary work. Dkt. 13 at 14. But, as explained *supra*, the ALJ did not err in finding Ms. Armstrong's opinion to be unpersuasive. Ms. Armstrong's opinion thus does not bolster the State agency medical opinions.

### 5. *Miscellaneous Medical Evidence*

Plaintiff devotes a large percentage of his opening brief to a summary of the medical evidence untethered to legal arguments and therefore unhelpful for the Court's purposes. *See* Dkt. 13 at 5-13. Because Plaintiff failed to link this section to any particular error in the ALJ's decision not already discussed more specifically elsewhere, the Court need not address this portion of the opening brief.

### C. The ALJ Did Not Harmfully Err in Failing to Weigh the Lay Statements

Under regulations applicable to this case, an ALJ is required to consider "evidence from nonmedical sources" such as lay witnesses, but is not required to explicitly assess that evidence using the factors enumerated for medical sources. *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Here, the ALJ summarized statements provided by Plaintiff's mother (AR 67 (citing AR 373-80, 395-402)), but did not assess the persuasiveness of those statements, nor did the ALJ explicitly discuss the observations of agency/DSHS personnel (AR 328, 393).

Assuming that the lay evidence at issue in this case is significant and probative, and thus could not be rejected without explanation, the Court finds that the ALJ's error in failing to discuss it is harmless. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (holding that the ALJ "may not reject 'significant probative evidence' without explanation" (quoting *Vincent*

*v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984))). Plaintiff's mother's statement is substantially similar to Plaintiff's testimony, which was properly discounted. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")). The agency personnel statements did not identify any particular functional limitations, but to the extent that they described problems with focus and memory, the ALJ's RFC assessment is consistent with such deficits. *Compare* AR 66 *with* AR 328, 393. Agency personnel also mentioned Plaintiff's physical pain, either observed or reported, which the ALJ addressed at step two, in finding that Plaintiff did not have any severe physical limitations. *See* AR 63-64.

Because the ALJ's decision properly assesses evidence similar to the lay statements not explicitly evaluated, the Court finds that any error in the ALJ's failure to assess the lay statements is harmless.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 18th day of July, 2022.

*[signature: S. Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge